NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1240

COMMONWEALTH

vs.

CARLOS GARCIA-PAREJO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant was convicted of assault and battery stemming from an altercation with his then girlfriend. As we discuss in more detail below, he raises a number of issues on appeal, none of which entitle him to a new trial. Accordingly, we affirm.

Background. On May 1, 2021, the defendant and his girlfriend were staying at a motel in Framingham when they began to fight over the defendant's use of marijuana and playing video games. The manager of the motel called the police, and ultimately both the defendant and the girlfriend were arrested. The girlfriend was charged with assault and battery with a dangerous weapon and assault and battery on a family household member, and the defendant was also charged with (1) assault and battery with a dangerous weapon and (2) assault and battery on a

family household member.  The two appeared in court with counsel for trial on the same day.  The girlfriend's case was called first.  The defendant, who was the alleged victim in that case, invoked his Fifth Amendment right not to testify and, as a result, the case against the girlfriend was dismissed. Immediately thereafter, the defendant's case was called for trial.  At that point, the Commonwealth informed the judge that the girlfriend, the victim in the case against the defendant, likewise intended to assert her Fifth Amendment privilege not to testify.  The judge conducted a colloquy with the girlfriend and concluded that she had a valid Fifth Amendment privilege and, consequently, would not be required to testify.  In this instance, however, the Commonwealth represented that it had additional evidence and would proceed without the girlfriend's testimony.  The defendant then waived his right to a jury trial and trial commenced.

Two police officers, Julie Volk and Zachary Winkleman, both of whom responded to the motel, testified for the Commonwealth. Volk explained that she was dispatched to the Red Roof Inn located on Cochituate Road at about 11 A.M.  On her arrival, Volk knocked on the door of Room 147.  The defendant opened the door.  Volk described the defendant as calm and surprised to see the police.  The defendant told the officers that he had a

2

verbal argument with his girlfriend.  The girlfriend was not in the room and the defendant did not know where she was.

Within minutes, another officer located the girlfriend next door at a Dunkin' Donuts.  Volk then left the motel room and spoke with the girlfriend in the parking lot.  Volk described the girlfriend as "disheveled" and noted that she had a small cut to the left side of one eye and some bruising on the right side of her other eye.  Volk testified that, based on her "knowledge and experience," the bruise looked "fresh."  More specifically, Volk stated that the bruise "was still red.  The purplish and bluish color of a bruise had not set in yet."

Meanwhile, Officer Winkleman, who had stayed with the defendant, and another officer advised the defendant of his Miranda rights and had a further conversation with him.  The defendant admitted that during the argument with the girlfriend, he pushed her away with a pillow, to create distance, then tried to walk away.  According to the defendant, while walking away, the girlfriend threw a Sprite bottle at him.  He then turned around, took the pillow, and punched the girlfriend through the pillow, causing her to fall and hit her head on the wall.

Winkleman further testified that he observed a mark on the defendant's back which he believed was caused by being struck with the Sprite bottle.  He also related that the defendant said

3

he left the room after pushing the girlfriend for a second time with the pillow and that the girlfriend punched him in the face.

The defendant did not testify. At trial, through cross examination and closing argument of counsel, he did not deny that the altercation became physical and that he pushed the girlfriend with a pillow twice. He claimed, however, that the girlfriend hit him first and that he acted in self-defense.

In announcing the verdict, the judge indicated that he accepted the defendant's version of events in part. After considering "the evidence of the officers and, again, the respective size of the parties," the judge was persuaded that the defendant acted in self-defense with respect to the first charge of assault and battery with a dangerous weapon and found him not guilty. With respect to the second charge, the judge rejected the defendant's claim of self-defense and found the defendant guilty of simple assault and battery.[1] The judge explained that with respect to the events underlying the second charge, the defendant was the "initial aggressor" and had "better means available to him." In other words, the defendant could have retreated but failed to do so.

---

[1] The judge previously had allowed the defendant's motion for a required finding of not guilty on so much of the complaint that alleged the victim was a member of the defendant's family or household.

On appeal the defendant argues that the judge erred by considering the physical differences between the defendant and the girlfriend because the Commonwealth did not introduce any evidence of the girlfriend's physical characteristics, and that this error was exacerbated when the prosecutor commented on these differences in closing argument. The defendant further argues that Volk's testimony about the girlfriend's bruise was inadmissible because it improperly undercut his claim of self-defense. We address each argument in turn.

To begin with, there is no doubt that the judge considered the difference in the defendant's and the girlfriend's height and weight. The judge noted that he had the opportunity to observe the girlfriend in the court room and believed he was entitled to rely on those observations in evaluating the defendant's claim of self-defense. Assuming without deciding that the judge erred under the circumstances presented, the error was not prejudicial.[2] An error is not prejudicial only if it "did not influence the [fact finder], or had but very slight effect" (citation omitted). Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). Here, as the judge made clear, he rejected the

---

[2] The Commonwealth argues that the applicable standard of review is whether the error created a substantial risk of a miscarriage of justice. In view of our conclusion that there was no prejudice, we need not decide whether the less stringent standard of review apples here.

defendant's theory of self-defense as to the second charge because the defendant was the first aggressor and failed to retreat and not because he was "influenced" by the fact the defendant was taller and larger than his girlfriend. For the same reason, we discern no substantial risk of a miscarriage of justice resulting from the prosecutor's two comments in closing argument regarding the size difference between the defendant and the girlfriend.

The defendant's last argument fares no better. The defendant did not object to Volk's testimony and therefore our review is limited to determining whether there was an error, and, if so whether it caused a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). It is well settled that bruising is a matter that lies within the realm of common experience. See Commonwealth v. Junta, 62 Mass. App. Ct. 120, 127-128 (2004). Thus, to the extent that the defendant argues that the testimony amounted to an expert opinion that Volk was not qualified to give, there was no error. Moreover, given that the testimony was properly admitted, we discern no basis for concluding, as the defendant requests, that

a substantial miscarriage of justice occurred because the testimony was harmful to his defense.

Judgment affirmed.

By the Court (Vuono, Neyman & D'Angelo, JJ.[3]),

*Paul Little*

Clerk

Entered:  October 28, 2024.

---

[3] The panelists are listed in order of seniority.